Judge Lane
delivered the opinion of the court:
We have not deemed it necessary to notice minutely the form-of the pleadings in this case, but have directed our attention to the facts appearing on the record. The plaintiff’s caséis contained in his declaration and replication. He avers that the indebtedness accrued in 1818, and alleges the demand to have been made in 1827.' The plaintiff was not bound to rely and repose upon the dates set forth in his pleadings. He might, by *a different [98 course of.pleading, have set forth facts to show that there was no interval of six years without some act intervening to interrupt the operation of the statute. In the absence of any such allegation, the court must take the case as the existing pleadings present it, and inquire, if upon the facts stated, the statute of limitations cut off his right to recover.
The statute of limitations of 1810 was in force at the time this' action accrued. In express terms, it binds the right of the plaintiff, unless the suit was commenced within six years. ■ We must-find something in the case which prevents the statute operating,, or the defense prevails.
It is claimed that this is a trust against which the statute of limitations does not run. We understand this to be the doctrine in a court of equity; but no effect can be given to it in a court of law, where the statute binds by its direct application. In a court of equity, the statute has no binding force by its own effective force, but is only adopted and applied by analogy to cases within- *102 what is considered its reason. Chancery has held it not to apply to direct trusts, as beyond the analogy and reason of the statute. Bat no operative effect can be given to this principle in a court of law, because it can take no cognizance of the trust. If relief were asked in equity we might then apply the principle; but at law the statute is inoperative.
It may, however, be insisted that the statute of 1810 is repealed, .and that its operation on causes already barred, is not saved by the reservations of the saving clause of the subsequent and existing statute, and, consequently, that the statute of 1831, not that •of 1810, must govern the case. The proviso in the repealing clause of the statute of 1831 is somewhat obscurely worded. We believe its interpretation to be, that all causes of action accruing under former acts, not barred at that time, shall be limited by those acts; and all causes of action that have been barred by those acts shall continue barred. If, then, this cause of action accrued in 1818, it was barred in 1824, and was not revived by a demand in 1827.
Judgment for the plaintiff on the demurrer.