Brinkerhoff, J.
This is a petition in error filed here to reverse the judgment of the district court of Meigs county, in a case which came into that court by appeal-from the common pleas of that county.
The action below was commenced by the plaintiffs in error, on the 20th day of February, 1855, for the recovery of certain real property described in the petition.
The defendant in error, Knight, - answered, setting up 3 state of facts showing that the plaintiffs’ right of action accrued in 1827, while they were infants ; that their disability, as infants, respectively, ceased in 1837 and 1839; and a con tinuous adverse possession in himself from 1827, when the plaintiffs’ action accrued, until the time of the commencement of the suit in 1855; being more than ten, but less than twenty-one years after the removal of the plaintiffs’ disability on account of infancy.
The plaintiffs demurred to the answer; and the district court, on hearing, sustained the demurrer, and gave judgment for the defendants, which is the error assigned.
The only.question is, whether the plaintiffs were barred by *210 the lapse of ten years after disability removed, or whether it required the lapse of twenty-one years after disability removed to constitute such bar ?
The right of action, in this case, accrued in 1827; the plaintiffs were then infants ; and the “ act for the limitation of actions,” then in force, wras that of February 25, 1824 (2 Chase’s Stat. 1402); and, by the second section of that act, the term of twenty-one years in addition to the ordinary limitation of twenty-one years, was saved to persons under disability, in which to bring ejectment after disability removed.
The limitation act of February 22, 1830 (3 Chase’s Stat. 1654), repealed the second section of the act of 1824, and substituted, in favor of persons under disability, in addition to the ordinary limitation, a saving of the action of ejectment for only ten years after disability removed.
Then came the “ act for the limitation of actions,” of February 18, 1831; and by the provisions of this act, this case is governed and the question before us must be determined. (3 Chase’s Stat. 1770.) This, like the immediately preceding act of 1830, in addition to the ordinary limitation of twenty-one years, saves the action of ejectment in favor of persons under disability, for the term of ten years only after disability removed; and it repeals entirely all prior acts for the limitation of actions; but, annexed to the repealing clause is this proviso — “ provided, that all causes of action not heretofore barred, which subsisted or accrued during the time ■those acts were in force, shall be commenced within the times therein limited, and not after; and all such actions shall be barred after the expiration of the several times allowed for their commencement, according to the provisions of said acts, respectively, and their amendments.”
Counsel for plaintiffs have argued the question as if this proviso had left all causes of action' which had accrued under preceding acts,, to be governed by them. If this were so, it is clear that the provisions of the act of 1824, under which the plaintiffs’ right of action accrued, would apply to the case and save the plaintiffs’ rights. But such is not its language. It *211 is, “ subsisted or accrued.” This statute, of 1831, bears internal evidence that it was drawn by an intelligent hand, and that its words were carefully measured. The word, “ subsisted,” is significant; effect must be given to it; and we can not but think that it is fatal to the plaintiffs’ case. The plaintiffs’ right of action accrued under the act of 1824; but the only section of that act applicable to the question was unconditionally repealed by the act of 1830, and left the question dominated by the act of 1830. The right of action having “ subsisted ” under the act of 1830, the provision of that act of 1831 left the rights of the plaintiffs where it found them; that is, under the act of 1830, which saved them only ten years after disability removed. And that time having expired prior to the commencement of this suit below, the judgment of the court below was right.
We are referred, however, to the eases of Bigelow v. Bigelow, 6 Ohio Rep. 96, and Hazlet v. Critchfield, 7 Ohio Rep. 497 [153], in which the judges delivering the opinion of the court in those cases, speaking of the operation of the proviso in the act of 1831, declare, in general and sweeping terms, that “ the limitation laws of Ohio, are so framed, that all actions and causes of action must be governed by the particular act in force at the time the cause of action accrued.” And upon the authority of these cases, the conclusion is urged, that inasmuch as the cause of action in the case before us accrued under the act of 1824, the provision of that act, which gave the plaintiffs twenty-one years after disability removed in which to bring their action, ought to be applied in their favor.
After a careful consideration of those cases, and of the statutes under which they arose, we are constrained to say, that we are unable to regard them as conclusive of the law to the extent that the opinions in those cases assume to declare it. For aught that appears in the report of those cases, the effect, and even the existence, of the significant word “ subsisted,” in the phrase “ subsisted or accrued,” in the proviso of the act of 1831, was wholly ignored; and the case' of Hazlet v. Critchfield, if followed, would certainly result in *212 some curious consequences; and among others, this — that an action of debt on simple contract, other than book account, accruing between 1810 and 1824, is not barred to this day; and this for the reason that the limitation act of 1810 contained no limitation whatever of that kind of action. The .question again arose in Putnam v. Rees, 12 Ohio Rep. 21, when, for the first time, so far as appears from the reports, the effect of the word “ subsisted,” in the provisQ of the act of 1831, was pressed upon the consideration of the court; and the result was, that the court was equally divided in opinion as to the correctness of its former holdings, and a decision in conformity to previous holdings, was reached only by the application of the rule, that where a tribunal is equally divided in opinion, the party holding the affirmative of the issue, must fail. In the subsequent case of Carey v. Robinson, 13 Ohio Rep. 181, the. question, although it arose in the case, was neither presented by counsel in argument, nor noticed in the opinion of the court. But, it is evident that the court, in the decision of the case, must have proceeded on the assumption of the correctness of the preceding decisions hereinbefore noticed.
But, seriously as we are compelled to question the correctness of the decisions to which we have referred, and to disavow their authority when attempted to be applied to the case before us, it is, perhaps, not necessary that we should assume to overrule them; for they were all actions either of assumpsit or debt. No one of them was an action for the recovery of real property. And in considering the questions involved in the cases to which I have adverted, however proper it may have been for the court to look to the entire act, in order to determine the true meaning of its different parts, it was, perhaps, not absolutely necessary that the court, in those cases, should pass upon those parts of the act of 1830, which related to actions for the recovery of real property, in order to determine questions arising upon contract as distinguished from questions of title. In all those cases the court proceed upon the assertion — without giving us the ground on which the assertion is based — that, ur ier the Provisions of all our *213 successive acts of limitation, all causes of action which accrued under prior acts, are governed alone by those acts respectively ; that all of them are prospective, and none of them retrospective in their operation. Now, whatever plausible arguments may possibly be advanced in favor of this proposition as applied to actions on contract, the proposition certainly is not true as applied to actions for the recovery of real property; for the act of 1830, in respect to actions for the recovery of real property, does refer, in terms express, explicit and unmistakable, to rights of action which accrued under prior acts, and does, in unquestionable terms, restrict the privileges, conferred by former acts, of persons after disability removed. It is retrospective in its operation by its own express terms; and, in order to hold it otherwise, we must, either regard its words as utterly meaningless, or must interpret them by the rule of contraries. To show this, it is only necessary to refer to the act itself.
In the first section, that act provides, “ That if any person entitled to have or maintain any action of ejectment, for the recovery of the title or possession of any lands, tenements or hereditaments, be, at the time his right or title first descended or accrued to the same, within the age of twenty-one years, feme covert, insane or imprisoned; every such person may, after the expiration of twenty-one years, from the time his right or title first descended or accrued, bring such action within ten years after such disability removed, and at no time thereafter.”
This provision, if it stood alone, might well enough, perhaps, be so construed as to give it prospective effect only. But, the last section of the same act has this proviso : “That in all cases, where the person entitled to have or maintain any action of ejectment, as aforesaid, shall have been subject to any of the disabilities aforesaid, but- which shall have been removed at any time, not exceeding eleven years prior to the taking effect of this act; every such person may bring such action within ten years after the taking effect of this act: but if such disability shall-have ceased, or been removed more than eleven, and not. exceeding twenty-one years prior to the *214 taking effect of this act, then such person so disabled as aforesaid, shall have the liberty of bringing such action' within such time after the taking effect of this act, as being added to the excess of time over eleven years as aforesaid, will be equal to ten 'years, and no more. This act shall take effect and be in force from and after the first day of June next.”
It will readily be seen, that, so far as this proviso relates to persons whose disability had already ceased, it is expressly retrospective — although it does not practically change what would have been the effect of former acts, and is necessarily retrospective in its effect upon those whose disabilities should thereafter cease, by cutting down their time for the commencement of an action, after disability removed, from twenty-one to ten years. How language could make this conclusion plainer than it is made by the language of the act itself, it is difficult to perceive. And when the proviso of the act of 1831 declares that’’** all causes of action, not heretofore barred which subsisted or accrued during the time those acts were in force, shall be commenced within the times therein limited, and not after,” it seems to us that we are shut up to the conclusion, that all persons whose right of action for the recovery of real property accrued, while under disability, prior to the act of 1830, and whose disability ceased subsequent to the taking effect of that act, are limited to the term of ten years after disability removed.
Judgment affirmed.
Scott, C.J., and Suture, Peck and Gholson, J J •concurred.